IN THE UNITED STATES DISTICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOMINGO RAMIREZ, ANTONIO SEPULVEDA,)
AND TRINIDAD ORTEGA,             )
             )
             )
          Plaintiffs, )     No. 14 cv 05334
             )
         v.     )     JURY TRIAL DEMANDED
             )
LARMCO, INCORPORATED AND     )
GARTH/LARMCO JOINT VENTURE, LLC,   )
             )
             )
         Defendants. )

## COMPLAINT

### Introduction

1.  This is a national origin and race harassment and retaliatory discharge employment case brought pursuant to Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. 2000e-5 ("Title VII") and 42 U.S.C. 1981 ("Section 1981").

### Jurisdiction and Venue

2.  The Court has jurisdiction over this case pursuant to the provisions of 42 U.S.C. 2000e-(f)(3) and 28 U.S.C. 1331.

3.  Venue is proper in this judicial district because the actions at issue took place within this district.

### EEOC Proceedings

4.  Plaintiff Domingo Ramirez was subjected to national origin and racial harassment during his employment with Larmco, Incorporated and Garth/Larmco Joint Venture LLC from approximately 2004 to September 4, 2013. Plaintiff Ramirez was discharged by defendants on

or about September 4, 2013 and filed a timely charge of discrimination and retaliation against defendants with the Equal Employment Opportunity Commission on or about October 28, 2013. Plaintiff Ramirez received a right-to-sue letter from the EEOC on or about May 14, 2014 and filed this lawsuit within the statutory time limit.

5.   Plaintiff Antonio Sepulveda was subjected to national origin and racial harassment during his employment with Larmco, Incorporated and Garth/Larmco Joint Venture LLC from approximately 1992 to about August 23, 2013.   Plaintiff Sepuveda was constructively discharged by defendants on or about August 26, 2013 and filed a timely charge of discrimination with the Equal Employment Opportunity Commission on or about October 24, 2013.   Plaintiff Sepulveda received a right-to-sue letter from the EEOC on or about May 14, 2014, and filed this lawsuit within the statutory time limit.

6.   Plaintiff Trinidad Ortega was subject to national origin and racial harassment during his employment with Larmco, Incorporated and Garth/Larmco Joint Venture LLC from approximately 1996 to on or about December 13, 2012.   Plaintiff Ortega last worked for defendants on or about December 13, 2012 and filed a charge of discrimination with the Equal Employment Opportunity Commission on November 6, 2013.   Plaintiff Ortega received a right-to-sue letter from the EEOC on or about May 14, 2014, and filed this lawsuit within the statutory time limit.

7.   The time period during which plaintiff Ortega was required to file an EEOC charge should be tolled because Ortega was unaware of his rights and was not informed of those rights because defendants did not post the "EEO Is the Law" poster in a prominent place at their work sites or offices.

8.   Title VII requires that posters notifying employees of their rights, with respect to the

EEOC, be posted "in conspicuous places...where notices to employees are customarily posted. 42 U.S.C. 2000e-10. This is reiterated with more pointed language in the Federal Code of Regulations, 29 C.F.R. 1601.30, which says: "Every employer, employment agency, and joint labor-management committee controlling an apprenticeship or other training program that has an obligation under title VII, the ADA, or GINA shall post and keep posted in conspicuous places upon its premises notices in an accessible format, to be prepared or approved by the Commission, describing the applicable provisions of title VII, the ADA, and GINA. Such notice must be posted in prominent and accessible places where notice to employees, applicants, and members are customarily maintained."

9. Defendants failed entirely to post the required EEO notice.

10. Plaintiff Ortega has a only sixth-grade education from attending elementary school in Mexico. During his employment with defendants he did not know there was a law that protected him against harassment and had no information about the EEOC or what it does. Plaintiff Ortega was unaware of his right to not be subjected at work to discrimination and harassment based on his national origin or race, or of the recourse he had in the event of such discrimination, until Domingo Ramirez told him of his rights on or about September 30, 2103.

11. Immediately after plaintiff Ortega learned of his right to be free of discrimination and harassment at his workplace, and the fact that he could file a complaint to redress the violation of his rights at the EEOC, plaintiff Ortega went to the EEOC (along with plaintiff Ramirez and plaintiff Sepulveda) on September 30, 2013 and filed his EEOC charge relatively soon thereafter.

Parties

12. Plaintiff Domingo Ramirez is a Latino man of Mexican national origin.

13. Plaintiff Antonio Sepulveda is a Latino man of Mexican national origin.

14. Plaintiff Trinidad Ortega is a Latino man of Mexican national origin.

15. Defendant Larmco, Incorporated is an Illinois corporation. Larmco, Incorporated is an "employer" as that term is used in Title VII.

16. Defendant Garth/Larmco Joint Venture LLC is an Illinois LLC, managed by Larmco, Incorporated and Garth Masonry Corporation, an Illinois corporation. Garth/Larmco Joint Venture LLC is an "employer" as that term is used in Title VII.

## Facts

17. Plaintiffs were employed interchangeably by Larmco, Incorporated ("Larmco") and Garth/Larmco Joint Venture LLC ("Garth/Larmco") according to the needs and desires of those defendants. Larmco and Garth/Larmco were joint employers of the plaintiffs.

18. During their employment by defendants Larmco and Garth/Larmco, plaintiffs were repeatedly and for lengthy periods of time assigned to work under the direction of foreman Terry Mulcahy ("Mulcahy"), a white man.

19. As foreman, Mulcahy had the power to lay-off, or discharge, members of the crew working under his supervision.

20. During plaintiffs' employment by defendants, and when one or more plaintiffs worked at the same worksite as Mulcahy, Mulcahy directed at them a barrage of racial slurs and derrogatory language related to their national origin. Mulcahey directed comments to plaintiffs that included racial slurs and insulting language about their national origin on average two to three times a day. The slurs included "Hey Mexican," "Hey wetback," "Hey spic," "Hey stupid Mexican," "Hey you fucking Mexican," "Hey taco." "Hey sandrat," "Hey chico," "Hey idiot," and 'Hey Pancho." Mulcahey often demanded that plaintiffs speak in English because "we're not in Mexico," told plaintiffs to "go back to Mexico" and on one occasion said to one or more

of the plaintiffs, "Come on fucking wetback, bend down," and "Let me see your green card, where is your green card?"

21. During plaintiffs' employment by the defendants, Plaintiff Ramirez and Plaintiff Ortega heard Mulcahy say, on separate occasions, that he had bought a new gun so he could kill cans. When asked what he meant, Mulcahy responded, "Mexicans."

22. In approximately 1996, when plaintiff Ortega first met Mulcahy, Mulcahy said to plaintiff Ortega, "another fucking short Mexican he's sent to me."

23. In approximately 2004, when plaintiff Ramirez first met Mulcahy, Mulcahy asked if plaintiff Ramirez was an immigrant and if he was a wetback.

24. During their employment by defendants, plaintiffs were from time to time assigned to work under foreman Robbie Kubash ("Kubash"), a white man.

25. During plaintiffs' employment by defendants, Kubash directed racial and ethnic slurs to plaintiffs, including "you motherfucking spic," "wetback," "pancho" and "neck down." Kubash also said to plaintiffs on a number of occasions while pointing to laborers of Mexican origin, "you're all neck down" then pointing to a white laborer, "see, he's neck up, but you're all neck down."

26. Plaintiff Ramirez witnessed Kubash refer to other laborers or Mexican or mixed Mexican and native Mexican origin, as an "Indian looking motherfucker," "neck down." "brown boy," "pancho," "wetback," "lazy," and "stupid."

27. On multiple occasions during plaintiff Ortega's employment with defendants, he complained to superintendent Ed Allen about Mulcahy's racist and abusive behavior and told him about the racial and ethnic slurs that Mulcahy used with him.

28. On multiple occasions between approximately 1992 and approximately 2013 plaintiff

Sepulveda complained to superintendent Ed Allen about Mulcahy treating him badly because he is of Mexican origin and asked to be put on different worksites from those where Mulcahy worked. Plaintiff Sepulveda told Allen that if Allen did not move plaintiff Sepulveda he would quit. Allen moved Seppulveda to a different worksite for one job, but then continued to regularly place plaintiff Sepulveda with Mulcahy at worksites.

29. By the actions described above, defendants created and imposed a hostile work environment on plaintiff Ramirez, in violation of Title VII and Section 1981.

30. By the actions described above, defendants created and imposed a hostile work environment on plaintiff Sepulveda, in violation of Title VII and Section 1981.

31. By the actions described above, defendants created and imposed a hostile work environment on plaintiff Ortega in violation of Title VII and Section 1981.

32. In August, 2013, plaintiff Sepulveda concluded that he could no longer stand receiving the constant abuse and slurs related to his national origin and race from Mulcahy. He decided that he would no longer work for defendants and did not return to work after about August 23, 2013.

33. Plaintiff Sepulveda was constructively discharged. A reasonable person in his circumstances would have felt compelled to resign.

34. Starting approximately August 26, 2013, plaintiff Ramirez was assigned to work under foreman Mulcahy. Mulcahy subjected plaintiff to repeated abusive comments. On or about September 2, 2013, Mulcahy referred to plaintiff Ramirez as "Hey taco," "Hey wetback," and said, "Are you stupid?" In the afternoon of that day plaintiff Ramirez confronted Mulcahy and said he was sick of Mulcahy's racist comments and he wasn't going to take it anymore.

35. In response, on or about September 4, 2013, Mulcahy fired plaintiff Ramirez.

36. Mulcahy fired plaintiff Ramirez in retaliation because plaintiff Ramirez asserted his rights under Title VII and Section 1981.

37. As a result of defendants' actions, each of the plaintiffs suffered severe emotional distress.

38. As a result of their termination, plaintiff Ramirez and plaintiff Sepulveda suffered lost wages.

## Count I – Hostile Work Environment

39. Plaintiffs incorporate and re-allege paragraphs 1-39 of this Complaint as paragraphs 1-39 of Count I.

40. By taking the actions described above, defendants imposed a hostile working environment on each of the plaintiffs in violation of Title VII and Section 1981.

WHEREFORE, each of the plaintiffs seeks an award of damages from defendants for compensatory damages, punitive damages, prejudgment interest, postjudgment interest, costs, reasonable attorneys' fees and expenses, and such other relief as the Court may find appropriate.

## Count II – Constructive Discharge of plaintiff Antonio Sepulveda

41. Plaintiffs incorporate and re-allege paragraphs 1-41 of this Complaint and paragraphs 1-41 of Count II.

42. As a result of defendants' conduct, plaintiff Sepulveda was constructively discharged from his employment with defendants in violation of Title VII and Section 1981.

WHEREFORE, plaintiff Sepulveda seeks an award of damages from defendants for lost wages, front pay, compensatory damages, punitive damages, prejudgment interest, postjudgment interest, costs, reasonable attorneys' fees and expenses, and such other relief as the Court may find appropriate.

<u>Count III – Retaliatory discharge of plaintiff Domingo Ramirez</u>

43. Plaintiffs re-allege and incorporate by reference paragraphs 1-45 of this Complaint as paragraphs 1-45 of Count III.

44. Plaintiff Domingo Ramirez was fired by foreman Mulcahy to retaliate against Mr. Ramirez because he stood up to Mr. Mulcahy and asserted his right to be free of racial and ethnic harassment. In retaliating against plaintiff Ramirez by firing him, defendants violated Title VII and Section 1981.

WHEREFORE, plaintiff Ramirez seeks an award of damages from defendants for lost wages, front pay, compensatory damages, punitive damages, prejudgment interest, postjudgment interest, costs, reasonable attorneys' fees and expenses, and such other relief as the Court may find appropriate.

By:  <u>s/ Paul Strauss</u>

Paul Strauss
Ruth Greenwood
Chicago Lawyers' Committee for Civil Rights
   Under Law, Inc.
100 N. LaSalle St., Suite 600
Chicago, IL  60602
(773) 551-5350
pstrauss@clccrul.org
rgreenwood@clccrul.org